

U.S. Department of Justice

United States Attorney
District of Connecticut

---

Connecticut Financial Center     (203)821-3700

157 Church Street
New Haven, Connecticut 06510     Fax (203) 773-5376

September 12, 2006

Dan E. LaBelle, Esq.
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880

            **Re:**     **United States v. Nathaniel Grant aka "Stone"**
                       **Criminal No. 3:06CR160(PCD)**

Dear Attorney LaBelle:

     This letter confirms the plea agreement entered into between your client, NATHANIEL GRANT aka "Stone" (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

     Nathaniel Grant agrees to plead guilty to the lesser-included offense charged in Count One of the indictment pending against him. That offense charges him with conspiracy to possess with intent to distribute more than five (5) grams of cocaine base ("crack") (in violation of Title, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846). He understands that to be guilty of this offense the following essential elements must be satisfied:

     **COUNT ONE**

1. That the conspiracy alleged in Count One of the indictment existed;

2. Defendant knowingly and willfully became a member of the conspiracy with knowledge that the object of the conspiracy included the possession with intent to distribute cocaine base ("crack");

3. The quantity of cocaine base ("crack") that was reasonably foreseeable to the defendant based on his participation in the conspiracy was more than five (5) grams but less than fifty (50) grams of cocaine base ("crack").

## THE PENALTIES

     Defendant is pleading guilty to the lesser-included offense of Count One, namely,

Dan E. LaBelle, Esq.
USA v. Grant
September 12, 2006
Page-2

conspiracy to possess with intent to distribute five (5) grams or more of cocaine base ("crack"). In exchange for defendant's prompt plea of guilty the Government agrees to forego filing a prior felony information pursuant to 21 U.S.C. § 851 which could expose the defendant to a mandatory ten year term. The offense to which defendant is pleading guilty carries a mandatory five (5) year term of imprisonment and a maximum of forty (40) years' imprisonment and a $2,000,000 fine. In addition, the court must impose a mandatory term of four (4) years' supervised release and a maximum term of lifetime supervised release to begin at the expiration of any term of imprisonment imposed. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment of up to three (3) years with no credit for the time already spent on supervised release.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $2,000,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§3572 (h), (i) and § 3612(g).

**THE SENTENCING GUIDELINES**

      i <u>Applicability</u>

The defendant understands that although application of the United States Sentencing Guidelines is not mandatory, they are advisory and the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case. *See United States v. Booker*, 543 U.S. 220 (2005). The defendant expressly understands and agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated.

Dan E. LaBelle, Esq.
USA v. Grant
September 12, 2006
Page-3

          ii        <u>Acceptance of Responsibility</u>

     At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's Adjusted Offense Level under section §3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense.  Moreover, the Government intends to file a motion with the Court pursuant to §3E1.1(b) recommending that the Court reduce defendant's Adjusted Offense Level by one additional level based on the defendant's prompt notification of his intention to enter a plea of guilty.   This recommendation is conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition by submitting a complete and truthful financial statement.  In addition, this recommendation is conditioned upon the defendant timely providing complete information to the Government concerning his involvement in the offense to which he is pleading guilty.  The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reduction.

     The Government will not make this recommendation if the defendant engages in any acts which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations; (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice; or (3) constitute a violation of any condition of release.  Moreover, the Government will not make this recommendation if the defendant seeks to withdraw his plea of guilty.  The defendant expressly understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

          iii  <u>Guideline Stipulation</u>

     The Government and the defendant stipulate the defendant's applicable Sentencing Guidelines to be at a range of 63 to 78 months' imprisonment and a fine range of $10,000 to $100,000.  The base offense level under U.S.S.G. § 2D1.1(c)(6) is 28.  Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 25.  A total offense level 25 with a criminal history category III, which the parties calculate the defendant to be, results in a range of 70 to 87 months' imprisonment (sentencing table) and a fine range of $10,000 to $ 100,000 (U.S.S.G. § 5E1.2(c)(3)).

     Defendant reserves the right to argue that he played a minor role in the offense of conviction pursuant to U.S.S.G. § 3B1.2(b).  The Government does not believe such and adjustment is appropriate.  This is a disputed issue to be resolved by the Court.  If the defendant prevails, his base offense level could be adjusted downward by an additional 2-levels.

     The defendant expressly understands that the Court is not bound by this agreement on the Guideline and fine ranges specified above.  The defendant further expressly understands that he will not be permitted to withdraw the

Dan E. LaBelle, Esq.
USA v. Grant
September 12, 2006
Page-4

plea of guilty if the Court imposes a sentence outside the Guideline range or fine range set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to challenge or defend any sentencing determination, other than that stipulated by the parties, in any post-sentencing proceeding.

>     v.   Waiver of Right to Appeal
>          or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances he is entitled to appeal his conviction and sentence. It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or §2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed 87 months, a 4 year term of supervised release and a $10,000 fine, even if the Court imposes such a sentence based on an analysis different from that specified above. The defendant expressly acknowledges that he is knowingly and intelligently waiving his appellate rights.

>     vi        Information to the Court

The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

**WAIVER OF RIGHTS**

>     Waiver of Trial Rights and Consequences of Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court,

*Dan E. LaBelle, Esq.*
*USA v. Grant*
*September 12, 2006*
*Page-5*

there will not be a further trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on

the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant understands and agrees that should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution.  The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right To Post-Conviction DNA Testing of Physical Evidence

The defendant understands that the Government has various items of physical evidence in its possession in connection with this case that could be subjected to DNA testing.  The defendant further understands that following conviction in this case, he could file a motion with the Court to require DNA testing of physical evidence pursuant to 18 U.S.C. § 3600 and § 3600A in an attempt to prove his innocence.  The defendant fully understands his right to have all the physical evidence in this case tested for DNA, has discussed this right with his counsel, and knowingly and voluntarily waives his right to have such DNA testing performed on the physical evidence in this case.  Defendant fully understands that because he is waiving this right, the physical evidence in this case will likely be destroyed or will otherwise be unavailable for DNA testing in the future.

## ACKNOWLEDGEMENT OF GUILT; VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty.  The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties

Dan E. LaBelle, Esq.
USA v. Grant
September 12, 2006
Page-6

provided by law.  The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney.  The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

**SCOPE OF THE AGREEMENT**

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority.  The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved.  Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

**COLLATERAL CONSEQUENCES**

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.  The defendant may be subject to deportation or removal from the United States as a consequence of his conviction as well as exclusion from admission or readmission to the United States The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

**SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH**

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the referenced cocaine base conspiracy and dealing in firearms, which forms the basis of the information in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

*Dan E. LaBelle, Esq.*
*USA v. Grant*
*September 12, 2006*
*Page-7*

**NO OTHER PROMISES**

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

    Very truly yours,

    KEVIN J. O'CONNOR
    UNITED STATES ATTORNEY

    JAMES I. GLASSER
    ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____    _____
NATHANIEL GRANT    Date
The Defendant

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____    _____
DAN E. LaBELLE, ESQ.    Date
Attorney for the Defendant

*Dan E. LaBelle, Esq.*
*USA v. Grant*
*September 12, 2006*
*Page-8*

## STIPULATION OF OFFENSE CONDUCT

The defendant NATHANIEL GRANT aka "Stone"("the defendant") and the Government stipulate and agree to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the lesser included charge in Count One of the Indictment of conspiracy to possess with intent to distribute more than five (5) grams of crack cocaine in this case:

From sometime after January 2005 and before August 23, 2005, in the District of Connecticut and elsewhere, NATHANIEL GRANT was recruited by AZIBO AQUART, aka "Azibo Smith," aka "Azibo Siwatu Jahi Smith," aka "D," aka "Dreddy;" and others to participate in a conspiracy to distribute crack cocaine from a building located at 215 Charles Street, Bridgeport, Connecticut.  Among others, NATHANIEL GRANT conspired with AZIBO AQUART, RANDY WASHINGTON, AZIKIWE AQUART, JUDITH RIVERA, JUANITA HOPKINS, FRANKIE HODGES, and others known and unknown.  NATHANIEL GRANT acknowledges that he participated in the distribution of between 20 and 35 grams of crack cocaine, or that such quantity was distributed by other members of the conspiracy and was reasonably foreseeable to him.

The written stipulation above is incorporated into the preceding plea agreement.  It is understood, however, that the defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

_____    _____
NATHANIEL GRANT                              JAMES I. GLASSER
The Defendant                                       Assistant United States Attorney


_____
DAN E. LaBELLE, ESQ.
Attorney for the Defendant