UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No: 3:06CR160 (PCD) |
| | : | |
| v. | : | |
| | : | |
| AZIBO AQUART, aka "Azibo Smith," aka | : | February 21, 2007 |
| "Azibo Siwatu Jahi Smith," aka "D," aka | : | |
| "Dreddy," aka "Jumbo" | : | |

### GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The Government submits the following proposed jury instructions for use in connection

with the trial of Count Three in the above-captioned case. The Government has also attached a

proposed verdict form to these instructions.

Specific instructions regarding the charged offenses are derived principally from Sand, et.

als., Model Federal Jury Instructions and from O'Malley, Grenig and Lee, Federal Jury Practice

and Instructions.

The Government respectfully requests permission to supplement these proposed

instructions as necessary during the course of trial.

<div style="margin-left: 50%;">

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

</div>

| | |
|---|---|
| /s/_____ | /s/_____ |
| JAMES I. GLASSER | ALINA P. REYNOLDS |
| ASSISTANT U.S. ATTORNEY | ASSISTANT U.S. ATTORNEY |
| Federal Bar No. ct07221 | Federal Bar No. ct14968 |
| 157 Church Street | 915 Lafayette Boulevard |
| New Haven, Connecticut 06510 | Bridgeport, Connecticut 06604 |
| Tel: 203-821-3700 | Tel: 203-696-3000 |
| Fax: 203-773-5378 | Fax: 203-579-5575 |
| Email: james.glasser3@usdoj.gov | Email: alina.reynolds@usdoj.gov |

**SECTION I:  GENERAL INSTRUCTIONS**

**OPENING INSTRUCTIONS**

Now that the evidence in this case has been presented, the time has come for me to instruct you on the law.  My instructions will be delivered in three parts:  First, some instructions on general rules that define and control the role of the court and the duty of the jury in a criminal case; Second, instructions that define the elements of the offense charged in the indictment in this case, i.e, what the Government must prove in order to make its case; and Third, some rules and guidelines for your deliberations.

Before we begin, I ask you to review the two documents that each of you found at your seat when you entered a moment ago - - namely, the Indictment in this case and the verdict form.

When we conclude these instructions and you have to deliberate, you will leave the copies you are now reviewing on your chairs.  When deliberating, you will have the original of these documents along with the exhibits admitted in this case.

For the moment, your brief review of these two documents will help you to better understand my instructions and the tasks you will perform when you deliberate.

## **ROLE OF THE COURT**

As Judge, I perform basically two functions during the trial.

First, I decide what evidence is admissible for your consideration.  You have heard me doing that throughout the trial.

Second, I instruct you on the law that you are to apply to the facts.  I gave you some preliminary instructions before trial began, and some during the course of the trial when that was necessary, but it is now - - at the close of the evidence - - that most of the instructions are given.

If any lawyer has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

**COURT'S QUESTIONS TO WITNESSES**

During the course of the trial, I occasionally asked questions of a witness, in order to clarify testimony, to avoid misunderstandings, or to bring out facts not then fully covered in the testimony. I told you at the beginning of the trial, and I tell you again, not to assume that I hold any opinion on the subject of my questions. You will recall that I have told you that the questions of counsel and the arguments of counsel are not evidence and may not be considered by you as such.

Remember at all times that you, as jurors, should not infer that my questioning of any witness meant that I hold or held any opinion in the case and you should not think so.

## COURT'S REFERENCES TO THE EVIDENCE

During these instructions, it may be necessary for me to refer to some of the evidence that has been placed before you. Should I refer to any of the evidence, it will be simply for the purposes of illustration and clarification, and you are not to understand that I intend to emphasize any evidence thereby, or to limit your attention to it. If I omit any evidence, you will apply it from your recollection, and if I incorrectly state any of the evidence, you will correct my error, because it is your province to review the evidence and determine the facts established by it.

**<u>OBJECTIONS AND RULINGS</u>**

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  You should not show prejudice against an attorney or his of her client because the attorney has made an objection.

Upon allowing testimony or other evidence to be introduced over the objection of a lawyer -- that is, in overruling a lawyer's objection --, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of the credibility of all witnesses and the weight and effect of all evidence.

When the Court <u>sustained</u> an objection to a question addressed to a witness, the jury must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness would have said if he or she had been permitted to answer any question.

## DUTIES OF THE JURY

In defining the duties of the jury, let me first give you a few general rules:

It is your duty to find the facts from all the evidence in the case. To the facts as you find them you must apply the law as I give it to you. You must follow the law as I give it to you, whether you agree with it or not. And you must do your duty as jurors regardless of any personal likes or dislikes, opinions, prejudices or sympathy. In other words, you must decide the case solely on the evidence before you.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions, or into anything I have said or done, any suggestion from me as to what verdict you should return - - that is a matter entirely up to you.

The verdict you reach must be unanimous; that is, agreed upon by each of you.

You must <u>each</u> decide the case for yourself, but do so only after impartial consideration of the evidence in the case with your fellow jurors.

### THE NATURE AND FUNCTION OF THE INDICTMENT

In this case, the defendant Azibo Aquart, aka "Azibo Smith," aka Azibo "Siwatu Jahi Smith," aka "Dreddy," aka "D," aka "Jumbo" is charged in one count with possession of a Smith and Wesson model 422, .22 caliber pistol bearing serial number UAC3966; a Smith and Wesson model 22A, .22 caliber pistol bearing serial number UAZ2474; a Smith and Wesson model 65LS, .357 caliber revolver bearing serial number CHV0228 and: 1 round of Winchester 9 mm Luger ammunition; 14 rounds of Federal 9mm ammunition; 11 rounds of Federal .380 caliber ammunition; 1 round of Remington .380 caliber ammunition; and, 8 rounds of CCI .22 caliber ammunition, having previously been convicted of a felony offense. The defendant has pleaded not guilty to the charge against him. Consequently, the prosecution, in order to support a verdict of guilty, must prove the elements of the offense under consideration beyond a reasonable doubt.

In a moment, I will explain to you the elements of the offense with which the defendant is charged. However, before that, I instruct you that the Indictment is not and may not be considered to be any evidence supporting any of the elements.

The Indictment is merely a formal accusation and can in no sense be considered as proof of the defendant's guilt. No juror should permit himself or herself to be influenced against the defendant because of, or on account of, the Indictment or because of the defendant's having to stand trial here.

That the defendant has been accused and is on trial is not evidence of guilt, and you are not permitted to infer or speculate from this that the defendant is more likely to be guilty than innocent.

## THREE BASIC RULES IN CRIMINAL CASES

At the beginning of the case, I gave you some general rules about criminal trials.  I will now restate them for you in more detail.  There are three basic rules:

**1)  Presumption of Innocence, 2)  Burden of Proof, and 3)  Reasonable Doubt**

I instruct you that you must presume the defendant to be innocent of the crime charged. Thus, the defendant, although accused of a crime in the Indictment, begins the trial with a "clean slate" -- with no evidence against him.  The Indictment, as you already know, is not evidence of any kind.  The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant.  The presumption of innocence alone therefore, is sufficient to acquit a defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to the defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the Government.

It is not required that the Government prove guilt beyond all possible doubt.  The test is one of reasonable doubt.  A reasonable doubt is a doubt based upon reason and common sense -- the kind of doubt that would make a reasonable person hesitate to act.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the Government proves, beyond a reasonable doubt, that the defendant has

committed each and every element of the offense in the Indictment, you must find the defendant

not guilty of the offense.

---

O'Malley, Grenig and Lee, Federal Jury Practice and Instructions § 12.10. (The Second Circuit
has repeatedly urged District Court's to use this instruction.  See United States v. Delibic, 925
F.2d 610, 614 (2d Cir. 1991); United States v. Khan, 821 F.2d 90, 92 (2d Cir. 1987).

**SECTION II:  ELEMENTS OF THE CHARGED OFFENSE:**

Let me take a moment at this time to explain the structure of the Indictment, a copy of which has been provided to you.  A copy of the Indictment will be among the materials you will have with you during your deliberations.

Count One  charges the defendant with violation of Title 18, United States Code § 922(g)(1) which makes it unlawful to possess a firearm or ammunition  that has traveled in interstate or foreign commerce after having been convicted of a felony offense.

We will pause briefly, and I ask you to read the verdict form again and then read count one of the Indictment.

## COUNT ONE: THE INDICTMENT

The indictment charges the defendant with being a person convicted of a crime who possessed a weapon and ammunition shipped in interstate or foreign commerce. The indictment reads as follows:

On or about June 5, 2005, in Bridgeport, in the District of Connecticut, **AZIBO AQUART** aka "Azibo Smith," aka "Azibo Siwatu Jahi Smith," aka "D," aka "Dreddy," aka "Jumbo" the defendant herein, having been convicted in the Superior Court of the State of Connecticut of crimes punishable by imprisonment for a term exceeding one year, that is: 1) Sale of Narcotics, in violation of Connecticut General Statutes § 21a-277(a), on December 21, 2000; 2) Sale of Narcotics, in violation of Connecticut General Statues § 21a-277(a) on December 21, 2000; 3) Failure To Appear, in violation of Connecticut General Statutes § 53a-172 on December 21, 2000; 4) Sale of Narcotics, in violation of Connecticut General Statutes § 21a-277(a) on January 15, 1997; and, 5) Robbery in the Third Degree, in violation of Connecticut General Statutes § 53a-136 on January 15, 1997, did knowingly possess a firearm and ammunition in and affecting commerce, that is, a Smith and Wesson model 422, .22 caliber pistol bearing serial number UAC3966; a Smith and Wesson model 22A, .22 caliber pistol bearing serial number UAZ2474; a Smith and Wesson model 65LS, .357 caliber revolver bearing serial number CHV0228 and: 1 round of Winchester 9 mm Luger ammunition; 14 rounds of Federal 9mm ammunition; 11 rounds of Federal .380 caliber ammunition; 1 round of Remington .380 caliber ammunition; and, 8 rounds of CCI .22 caliber ammunition, each of which had been transported in interstate commerce. All in violation of Title 18 United States Code §§ 922(g)(1) and 924(e)(1).

The relevant statute on this subject is Title 18, United States Code section 922(g), which provides:

It shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition. . . .

---

Sand, Modern Federal Jury Instructions,
Form Instruction 35-45

## PURPOSE OF THE STATUTE

Congress was of the view that the ease with which persons, including criminals, were able to acquire firearms and ammunition was a significant factor in the prevalence of violent crime in the United States, and that federal control over gun dealers and restriction of the distribution of firearms would be helpful to state and local authorities in meeting this problem.

Accordingly, it passed a series of laws designed at giving support to federal, state and local law enforcement officials in combating crime and violence.

In your role as jurors, you are not to be concerned with the wisdom or the policy of those laws. If in fact a violation has occurred, the law should be enforced.

In general, these laws include provisions which prohibit certain categories of people from possessing or receiving firearms and ammunition which were shipped in interstate or foreign commerce, and require any person in the business of dealing in firearms to be licensed.

The government contends that the defendant was within the class of people prohibited from possessing firearms and ammunition shipped in interstate or foreign commerce because he had been convicted of a crime punishable by more than a year in jail.

_____

Sand, Modern Federal Jury Instructions,
Form Instruction  35-46

## ELEMENTS OF THE OFFENSE

The government must prove each of the following elements beyond a reasonable doubt in order to sustain its burden of proving the defendant guilty:

**First**, that the defendant was convicted, in any court, of a crime punishable by imprisonment for a term exceeding one year, as charged;

**Second**, that the defendant knowingly possessed a firearm or ammunition, as charged; and

**Third**, that the possession charged was in or affecting interstate or foreign commerce.

---

Sand, <u>Modern Federal Jury Instructions,</u>
Form Instruction  35-47

14

## FIRST ELEMENT - DEFENDANT'S PRIOR CONVICTION

The first element the government must prove beyond a reasonable doubt before you can convict is that before the date the defendant is charged with possessing the firearms and ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

The parties have stipulated that the defendant was convicted of crimes in state court and that these crimes are punishable by imprisonment for a term exceeding one year. It has also been stipulated that the felony convictions occurred prior to the time that the defendant is alleged to have possessed the weapons and ammunition charged in the indictment.

I instruct you, in this connection, that the prior conviction that is an element of the charge here, and is not disputed, is only to be considered by you for the fact that it exists, and for nothing else. You are not to consider it for any other purpose. You are not to speculate as to what it was for. You may not consider the prior convictions in deciding whether it is more likely than not that the defendant was in knowing possession of the guns or ammunition that are charged, which is the disputed element of the offense.

_____
Sand, Modern Federal Jury Instructions,
Form Instruction  35-48

15

## SECOND ELEMENT - POSSESSION OF FIREARM/AMMUNITION

The second element that the government must prove beyond a reasonable doubt is that on or about the date set forth in the Indictment the defendant knowingly possessed a firearm or ammunition.

A "firearm" is any weapon which will, or is designed to, or may readily be converted to, expel a projectile by the action of an explosive or the frame or receiver of any such weapon.  The firearm need not contain ammunition.

"Ammunition" means ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm.

To "possess" means to have something within a person's control.  This does not necessarily mean that the defendant must hold the firearm or ammunition physically, that is, have actual possession of it.  As long as the firearm or ammunition is within the defendant's control, he possesses it.  If you find that the defendant had actual possession of the firearm or ammunition, or that he had the power and intention to exercise control over it or to exercise control over the premises or vehicle in which the firearm or ammunition was concealed, even though it was not in the defendant's physical possession, you may find that the government has proven possession.

The law also recognizes that possession may be sole or joint.  If one person alone possess it, that is sole possession.  However, it is possible that more than one person may have the power and intention to exercise control over the firearm or ammunition.  This is called joint possession.  If you find that the defendant had such power and intention, then he possessed the firearm or

ammunition under this element even if he possessed it jointly with another. Proof of ownership of the firearm or ammunition is not required.

To satisfy this element, you must also find that the defendant knowingly possessed the firearm or ammunition. This means that he possessed the firearm or ammunition purposely and voluntarily, and not by accident or mistake. Knowing possession may be inferred in some circumstances from the defendant's control of the area in which the firearm or ammunition is found. It also means that he knew that the weapon was a firearm, or knew that the bullets were "ammunition" as we commonly use those words. However, the government is not required to prove that the defendant knew that he was breaking the law.

If you find that the defendant possessed a firearm or ammunition, you must unanimously agree which firearm(s) or ammunition defendant possessed. You must find defendant guilty if you find beyond a reasonable doubt that defendant possessed any one of the firearms charged or any of the ammunition charged. If, on the other hand, you find that defendant has not proved defendant possessed even one of the charged firearms, or the ammunition beyond a reasonable doubt, then you must find the defendant not guilty.

_____

Sand, Model Federal Jury Instructions,
Form Instruction 35-49
United States v. Dhinsa, 243 F.3d 635, 676-77 (2d Cir. 2001)

## THIRD ELEMENT - FIREARM/AMMUNITION IN OR AFFECTING COMMERCE

The third element that the government must prove beyond a reasonable doubt is that the firearm and ammunition the defendant is charged with possessing was in or affecting interstate or foreign commerce.

This means that the government must prove that at some time prior to the defendant's possession, the firearm or ammunition had traveled in interstate or foreign commerce.

It is sufficient for the Government to satisfy this element by proving that at anytime prior to the date charged in the indictment, the firearms charged or the ammunition charged crossed a state line or the United States border. It is not necessary that the government prove that the defendant himself carried it across a state line, nor must the Government prove who carried it across or how it was transported. It is also not necessary for the government to prove that the defendant knew that the firearm under consideration or ammunition under consideration had previously traveled in interstate commerce.

In this regard, there has been evidence that the firearms and ammunition in question were manufactured in a different state than the state in which the defendant is charged with possessing them. You are permitted to infer from this fact that the firearms and ammunition traveled in interstate or foreign commerce; however, you are not required to do so.

_____

Sand, Modern Federal Jury Instructions,
Form Instruction  35-50

18

### III.      SECTION III - GUIDELINES FOR DELIBERATIONS

### VARIANCE IN DATES & LOCATIONS

It does not matter if a specific violation is alleged to have occurred on or about a certain date and the testimony indicated that, in fact, it was on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony.  The same goes for most of the other factual contentions in the Indictment.

Thus, it is not necessary for the Government to prove the exact date, time, or location specified in Count One.

## STIPULATION OF FACTS IN THIS CASE

While we were hearing evidence, you were told that the Government and the defendant agreed or stipulated to certain facts. This means simply that they both accept those facts. There is no need for evidence by either side on these points. You must accept the stipulations as facts that have been conclusively proved, even though nothing more was said about it one way or the other. The fact that the Government and the defendant have stipulated to or agreed to certain facts should not be viewed by you as any admission of any criminal wrongdoing.

## WHAT IS NOT EVIDENCE

Certain things are <u>not</u> evidence and are to be disregarded in deciding what the facts are:

1.  Arguments or statements by lawyers are <u>not</u> evidence.

2.  The questions to the witnesses are <u>not</u> evidence.  I instructed you earlier that <u>my</u> questions and comments are not evidence.  They may be considered only to give meaning to the witnesses' answer.

In short, questions are not evidence, answers are.

3.  Objections to questions and arguments are <u>not</u> evidence.  Attorney's have a duty to their client to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.  If the objection is <u>sustained</u>, ignore the question; if it is <u>overruled</u>, treat the answer like any other answer.

4.  Testimony that has been excluded, stricken, or that you have been instructed to disregard is not evidence, and must be disregarded.  In addition, some testimony and exhibits have been received only for a limited purpose.  Exhibits marked for identification but not admitted as evidence may not be considered as evidence.  Of course, where I have given any limiting instruction about evidence that you heard or saw, you must follow it.

5.  Anything you may have seen or heard outside the courtroom is not evidence.  I remind you that you must completely disregard any media reports on this matter.  Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity of challenging their accuracy or otherwise explaining them away.  In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such publicity.

During the course of this trial, or at other times you may have read or heard reports about other trials, in this District or elsewhere.  You must completely disregard any such report.  Again, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such publicity.

---

Sand, Instructions 5-3 (questions); 5-4 (evidence in general); 2-17 (publicity).

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

I have told you about the three <u>forms</u> in which evidence comes:  testimony, exhibits and stipulations.  There are two <u>kinds</u> of evidence:  <u>direct evidence</u> and <u>circumstantial evidence</u>. <u>Direct evidence</u> is direct proof of a fact, such as testimony of any eyewitness.

<u>Circumstantial evidence</u> is proof of a chain of circumstances from which you could infer or conclude that a fact exists, even though it has not been proved directly.

You are entitled to consider <u>both</u> kinds of evidence.

The word "infer" -- or the expression "to draw an inference" -- means to find that a fact exists based on proof of another fact.  For example, if you see water on the street outside your window, you can infer that it has rained.  In other words, the fact of rain is an inference that could be drawn from circumstantial evidence, the presence of water on the street.  Direct evidence of rain, on the other hand, would be an actual observation of raindrops coming down from the sky.

An inference may be drawn only if it is reasonable and logical, not if it is speculative. Other facts may, however, explain the presence of water without rain.  Therefore, in deciding whether to draw an inference, you must look at and consider all the facts in light of reason, common sense, and experience.  After you have done that, the question whether to draw a particular inference is for you, the jury, to decide.

The law makes no distinction between the weight to be given to direct or circumstantial evidence, but requires that, in order to convict a defendant, you must be convinced of the defendant's guilt beyond a reasonable doubt, based upon all the evidence in the case.

## INFERENCES DEFINED

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists.

There are times when different inferences can be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inference you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw – but not required to draw – from the facts which have been established by either direct or circumstantial evidence. In drawing inferences you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict

---

Sand, Model Federal Jury Instructions
Form Instruction 6-01

### DECIDING WHAT TESTIMONY TO BELIEVE

In deciding what the facts are, you must consider all the evidence that has been offered. In doing this, you must decide which testimony to believe and which testimony not to believe. In making that decision, there are a number of factors you may take into account, including the following:

1. The witness' opportunity to observe the events he or she described.

2. The witness' intelligence and memory.

3. The witness' manner while testifying.

4. Whether the witness has any interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case.

5. The reasonableness of the witness' testimony considered in light of all the evidence in the case.

[In considering the testimony of a defendant who chooses to take the stand, you must apply the same standards you apply to any other witness.]

If you find that a witness' testimony is contradicted by what that witness has said or done at another time, or by the testimony of other witnesses, you may believe or disbelieve all or any part of the witness' testimony. But in deciding whether or not to believe such a witness, keep these things in mind:

1. People sometimes forget things. A contradiction may be an innocent lapse of memory or it may be an intentional falsehood. Consider, therefore, whether it has to do with an important fact or only a small detail.

25

2.  Different people observing an event may remember it differently and therefore testify about it differently.

You may consider the factors I have discussed in deciding how much weight to give to testimony.  Remember that the weight of evidence does not necessarily turn on the number of witnesses testifying on one side or the other.  You must consider all the evidence in the case, and you may find the testimony of a smaller number of witnesses on one side more credible than that of a larger number on the other.

All of these are matters for you to consider in finding the facts.  Remember that only Azibo Aquart is on trial here, not anyone else.  You should consider evidence about the acts, statements, and intentions of others only as they bear on the charge against the defendant.  And remember that the defendant is on trial only for the offense charged in the Indictment, not for anything else.

## <u>FAILURE OF ACCUSED TO TESTIFY</u> [If appropriate]

The defendant Azibo Aquar did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any other evidence, because it is the prosecution's burden to prove his guilt beyond a reasonable doubt.  A defendant is never required to prove that he is innocent.

You may attach no significance to the fact that Azibo Aquart did not testify.  No adverse inference may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant under consideration in any way in your deliberations in the jury room.

------------------------------

Sand, Instruction 5-21.

### DEFENDANT'S TESTIMONY   (if appropriate)

In a criminal case, a defendant cannot be required to testify, but if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.  In this case, the defendant Azibo Aquart decided to testify.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case.  You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case.

------------------------------

Sand, Instruction 7.01, 7-13.

## <u>TESTIMONY OF LAW ENFORCEMENT WITNESS</u>

You have heard the testimony of law enforcement officials.  The fact that a witness may be employed by the federal government, state government or local government as a law enforcement officer does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

---

Sand, Instruction 7-16.
<u>United States v. Ouimette</u>, 798 F.2d 47, 49 (2d Cir. 1986), <u>cert</u>. <u>denied</u>, 109 S. Ct. 163 (1988).

### ACCOMPLICES CALLED BY THE GOVERNMENT

You have heard from a witness who testified that he helped the defendant acquire the firearms charged in the indictment. There has been a great deal said about this accomplice witness in the summations of counsel and whether you should believe him. The fact that a witness said he was an accomplice of the defendants does not mean that you are to assume that the defendant under consideration is indeed an accomplice; whether a defendant is an accomplice is, of course, a question for you, the jury, to decide.

The Government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others. In the prosecution and detection of crime, the Government, of necessity, is frequently forced to rely on the testimony of accomplices. Otherwise, it would be difficult, perhaps impossible, to detect or prosecute wrongdoers.

For these very reasons, the law allows the use of accomplice testimony. Indeed, it is the law in federal courts that the testimony of an accomplice may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that accomplice testimony is of such a nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

I have given you some general instructions on credibility and I will not repeat them all here. Nor will I repeat all the argument made on both sides. However, let me say a few things that you will want to consider during your deliberations on the subject of accomplices.

You should ask yourselves whether this witness would benefit more from lying or by telling the truth.  Was his testimony was made up in any way because he believed or hoped that he would receive favorable treatment by testifying falsely?  Or, did he believe that his interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth?

In sum, you should look at all the evidence in deciding what credence and what weight, if any, you will want to give to the accomplice witness.

------------------------------

Sand, Instruction 7-5.

## EXPERT WITNESS

You have heard "expert" testimony from a fingerprint examiner.  An expert is allowed to express his or her opinion on those matters about which he or she has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his or her opinions, his or her reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept this witness's testimony merely because she is an expert.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

-----------------------------

Sand, Instruction 7-21.

## UNCONTRADICTED TESTIMONY

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not impeached.  You may decide, because of the witness's bearing and demeanor or because of the inherent improbability of his testimony or for other reasons sufficient to you, that such testimony is not worthy of belief.

On the other hand, the testimony of a single witness may be sufficient to convince you beyond a reasonable doubt of the existence of an essential element of the offense charged, if you believe that the witness has truthfully and accurately related what in fact occurred.

---

Devitt & Blackmar § 17.21.

## GOVERNMENT AS A PARTY

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your duty in an attitude of complete fairness and impartiality.

The case is important to the Government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded to any other party to litigation. By the same token, it is entitled to <u>no</u> <u>less</u> consideration. All parties, whether the Government or an individual defendant, stand as equals at the bar of justice.

---

Sand, Instruction 2-5.

34

## PREJUDICE, BIAS, SYMPATHY

Under your oath as jurors you are not to be swayed by sympathy.  The jury is to be guided solely by the evidence in this case.  The crucial question that the jury must ask itself as it sifts through the evidence is this:  Has the Government proven the guilt of the defendant beyond a reasonable doubt?

It is for the jury alone to decide whether the Government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and of the law as I instruct you.  It would be improper for any juror to consider any personal feelings he or she may have about a defendant's race, religion, national origin, sex, or age.  It must be clear to you that once you let prejudice, or fear, or bias, or sympathy, interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If the jury has a reasonable doubt as to the defendant's guilt, the jury should not hesitate for any reason to find a verdict of acquittal with respect to the defendant.  But on the other hand, if the jury should find the Government has met its burden of proving the defendant's guilt beyond a reasonable doubt, it should not hesitate because of sympathy or any other reason to render a verdict of guilty.

---

Sand, Instructions 2-11, 2-12.

## POSSIBLE PUNISHMENT

You are instructed that the question of possible punishment of the defendant is of no concern to the jury.  Possible punishment should not, in any sense, enter into or influence your deliberations.  In the event of a conviction, the duty of imposing sentence rests exclusively on the judge.

The function of the jury is to weigh the evidence in the case and determine the guilt or innocence of the defendant solely upon the basis of such evidence.  You cannot allow a consideration of the punishment which may be imposed upon the defendant to influence your verdict in any way.

---

Sand, Instruction 9-1.

### SECTION IV:  CLOSING INSTRUCTIONS

I will now say some final words about your deliberations. First, keep in mind that nothing I have said in these instructions - - indeed, nothing I have said or done during this trial - - is intended to suggest to you in any way what I think your verdict should be.  That is entirely for you to decide.

When you retire to the jury room, it is your duty to discuss the case with your fellow jurors for the purpose of reaching agreement if you can do so.

Each of you must decide the case for yourself, but should do so only after considering all the evidence, listening to the views of your fellow jurors, and discussing the case fully with the other jurors.

It is important that you reach a verdict if you can do so conscientiously. You should not hesitate to reconsider your own opinions from time to time and to change them if you are convinced that they are wrong.  However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.

Remember that your verdict must be unanimous on each count.  That does not mean that if the jury takes a vote and it is not unanimous the jury has reached a final decision one way or another.  If at any time the jury does take an inconclusive vote - - a vote that is not unanimous - - the jury's vote is just that:  inconclusive.  If, in the final analysis, the jury is not able to reach a unanimous vote on a particular count, the jury will not be able to check the verdict form at either "guilty" or "not guilty" for that count.  In the event of an inconclusive vote on a count, there is no decision and no report on the verdict form.  The result is a "hung jury" with respect to that count.

37

Remember also that your verdict must be based solely on the evidence in the case and the law as I have given it to you, not on anything else. Closing arguments or other statements or arguments of counsel are not evidence. If your recollection differs from the way counsel has stated the facts, then your recollection controls.

And finally, bear in mind that the Government has the burden of proof and that you, the jury, must be convinced of a defendant's guilt beyond a reasonable doubt to return a "guilty" verdict. If the jury finds that this burden has not been met, the jury must return a verdict of "not guilty."

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching this case. There is only one exception to this rule. If it becomes necessary during your deliberations to communicate with the court - - that is, to communicate with me - - you may send a note through the deputy marshal, signed by your foreperson or by any one or more members of the jury.

No member of the jury should every attempt to communicate with me except by a signed writing. I will never communicate with any member of the jury on any subject touching the merits of the case other than orally here in open court.

If you send a note to me, do <u>not</u> disclose in your note or otherwise anything about your deliberations. Specifically, do <u>not</u> disclose to anyone - - not even to me - - how the jury stands, numerically or otherwise, on the question of the guilt or innocence of the defendant. You may disclose your verdict only after you have reached a <u>unanimous</u> verdict.

You will have with you in the jury room a verdict form, marked as Court Exhibit _____. The verdict form is quite straightforward. I shall now summarize the verdict form for you, and I invite you to review it with me, so that you will have some idea of the task before you and the method by which in due course you shall report your conclusions.

**[Review Verdict Form]**

When you begin your deliberations your first order of business will be to elect a foreperson, through whom in due course you generally would communicate with the court.

Those of you who were chosen as regular jurors will now retire to consider your verdict.

When you go to the jury room, do not begin to deliberate until you receive from the Deputy Clerk all the exhibits you are to consider and until she formally directs you to begin your deliberations. She will be in with the exhibits in about three minutes, at most.

I ask the alternate jurors to remain behind for a moment as the Deputy Marshal escorts the 12 regular jurors to the jury room.

[12 REGULAR JURORS ESCORTED TO JURY ROOM BY DEPUTY MARSHAL]

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

/s/                                                  /s/
JAMES I. GLASSER                        ALINA P. REYNOLDS
ASSISTANT U.S. ATTORNEY          ASSISTANT U.S. ATTORNEY
Federal Bar No. ct07221               Federal Bar No. ct14968
157 Church Street                          915 Lafayette Boulevard
New Haven, Connecticut 06510     Bridgeport, Connecticut 06604
Tel: 203-821-3700                          Tel: 203-696-3000
Fax: 203-773-5378                          Fax: 203-579-5575
Email: james.glasser3@usdoj.gov   Email: alina.reynolds@usdoj.gov

## CERTIFICATE OF SERVICE

   I hereby certify that on February 21, 2007, a copy of the foregoing government's proposed jury instructions was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

        /s/            
        JAMES I. GLASSER

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No:  3:06CR160 (PCD) |
| | : | |
| v. | : | |
| | : | |
| AZIBO AQUART, aka "Azibo Smith," aka | : | February 21, 2007 |
| "Azibo Siwatu Jahi Smith," aka "D," aka | : | |
| "Dreddy," aka "Jumbo" | : | |

## VERDICT SHEET

We the jury unanimously find the defendant **AZIBO AQUART** aka "Azibo Smith," aka

"Azibo Siwatu Jahi Smith," aka "D," aka "Dreddy," and "Jumbo":

**As To Count One**

_____ **Guilty**        _____ **Not Guilty**

_____

FOREPERSON

Dated at New Haven, Connecticut, on this \_\_\_\_ day of March, 2007

at _____ a.m. / p.m.

41