

**U.S. Department of Justice**

United States District Court
District of Connecticut
FILED AT     BRIDGEPORT

*August 26* 20 11
Roberta D. Tabora, Clerk
By *D. Shallu*
Deputy Clerk

*United States Attorney*
*District of Connecticut*



| | |
|---|---|
| *1000 Lafayette Boulevard* | *(203) 696-3000* |
| *Bridgeport, Connecticut 06604* | *Fax (203) 579-5550* |

August 26, 2011

David Stern, Esq.
Rothman, Schneider, Soloway and Stern, LLP
100 Lafayette Street, Suite 501
New York, NY 10013

Robert Sullivan, Esq.
Law Offices of Robert Sullivan
190 Main Street
Westport, CT 06880

Colleen Quinn Brady
Attorney at Law
99 Hudson Street, 8th Fl.
New York, NY 10013

Re:     **United States v. Azikiwe Aquart**
        **Criminal No. 3:06 CR 160 (SRU)**

Dear Attorneys Stern, Brady and Sullivan:

This letter confirms the plea agreement entered into between your client, Azikiwe Aquart (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

## THE PLEA AND OFFENSES

Defendant Azikiwe Aquart agrees to plead guilty to Counts Two, Three and Four of the Fifth Superseding Indictment charging him with murder in aid of racketeering, in violation of Title 18, U.S.C., Sections 1959(a)(1) and 2. He understands that to be guilty of each of these offenses the following essential elements of the offenses must be satisfied:

Count Three (Murder of James Reid)

1.      The defendant murdered, or aided and abetted the murder of, another person in violation of the laws of the State of Connecticut;

-1-

2.    The defendant acted for the purpose of gaining entrance to or maintaining and increasing his position in an enterprise engaged in racketeering activity, to wit: narcotics trafficking; and

3.    The defendant acted knowingly and intentionally.

<u>Count Two (Murder of Tina Johnson) and Count Four (Murder of Basil Williams)</u>

1.    The defendant, acting with one or more persons, committed or attempted to commit a robbery;

2.    In the course of and in furtherance of such crime, one or more of the participants caused the death of a person, other than one of the participants in the crime, in violation of the laws of the State of Connecticut;

3.    The defendant participated in the criminal act as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, to wit: narcotics trafficking; and

4.    The defendant acted knowingly and intentionally.

## THE PENALTIES

The penalties for the charges are as follows:

Count Two, Three and Four each carry a penalty of life imprisonment and the defendant will also be subject to a $250,000 fine for each count of conviction. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than five years, to begin at the expiration of any term of imprisonment imposed. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment of up to five years with no credit for the time already spent on supervised release.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant or twice the gross loss to another individual resulting from the offense; (2) $250,000; or (3) the amount specified in the section defining the offense.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00 on each count of conviction, for a total of $300. The defendant agrees to pay the special assessment to the Clerk of the Court on or before the day of sentencing.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§ 3572 (h), (i) and § 3612(g).

Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The defendant's restitution will include payment of funeral expenses for the three victims jointly and severally with his co-defendants.

## THE SENTENCING GUIDELINES

### 1.    Applicability

The defendant understands that although application of the United States Sentencing Guidelines is not mandatory, they are advisory and the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case. *See United States v. Booker*, 543 U.S. 220 (2005). The defendant expressly understands and agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that he has no right to withdraw his guilty pleas if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any ranges set forth in this agreement.

### 2.    Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, the Government intends to file a motion with the Court pursuant to § 3E1.1(b) recommending that the Court reduce the defendant's adjusted offense level by one additional level based on the defendant's prompt notification of his intention to enter pleas of guilty. This recommendation is conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history and of his financial condition by submitting a complete and truthful financial statement. In addition, this recommendation is conditioned upon the defendant timely providing complete information to the Government concerning his involvement in the offense to which he is pleading guilty. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reduction.

The Government will not make this recommendation if the defendant engages in any acts which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government will not make this recommendation if the defendant seeks to withdraw his pleas of guilty. The defendant expressly understands that he may not withdraw his pleas of guilty if, for the reasons explained above, the Government does not make this recommendation.

3.      Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation which is attached to and made a part of this plea agreement. The defendant understands that this stipulation does not purport to set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant expressly understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

4.      Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The Government and the defendant stipulate that the defendant's adjusted offense level under the Sentencing Guidelines is a level 44 and that the defendant falls within Criminal History Category II, predicated on the following Guidelines calculation:

Count Two: Title 18, U.S.C., Sections 1959(a)(1) and 2

      Base Offense Level (U.S.S.G. §§2E1.3(a)(2) and 2A1.1(a))          43

Count Three: Title 18, U.S.C., Sections 1959(a)(1) and 2

      Base Offense Level (U.S.S.G. §§2E1.3(a)(2) and 2A1.1(a))          43

Count Four: Title 18, U.S.C., Sections 1959(a)(1) and 2

      Base Offense Level (U.S.S.G. §§2E1.3(a)(2) and 2A1.1(a))          43

Combined Offense Level Pursuant to U.S.S.G. § 3D1.4

| | | |
|---|---|---|
| Base Offense Level | | 43 |
| Plus: | Combined Offense Level Units | +3 |
| Less: | Acceptance of Responsibility (U.S.S.G. § 3E1.1) | - 2 |
| Total | | 44 |

A total offense level of 44 in Criminal History Category II carries a range of imprisonment of life and a fine range of $25,000 to $250,000 pursuant to U.S.S.G. § 5E1.2(c)(3).

The defendant agrees and stipulates to the above Guideline calculation. Additionally, based on an initial assessment, the parties agree that the defendant falls within Criminal History Category II. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline and fine ranges specified above. The defendant further expressly understands that he will not be permitted to withdraw the pleas of guilty if the Court imposes a sentence outside the Guideline range or fine range set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to challenge or defend any sentencing determination, other than that stipulated by the parties, in any post-sentencing proceeding.

5.    Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence. The defendant agrees not to appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed three terms of life imprisonment, five years of supervised release on each term of imprisonment, restitution and a $250,000 fine even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree not to appeal or collaterally attack the Court's imposition of a sentence of imprisonment concurrently or consecutively, in whole or in part, with any other sentence. The defendant acknowledges that he is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to

that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver.

### 6. Information to the Court

The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### 1. Waiver of Trial Rights and Consequences of Pleas

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the pleas of guilty are accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### 2. Waiver of Statute of Limitations

The defendant understands and agrees that should the convictions following defendant's pleas of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

3.    Waiver of Right To Post-Conviction DNA Testing of Physical Evidence

The defendant understands that the Government has various items of physical evidence in its possession in connection with this case that could be subjected to DNA testing. The defendant further understands that following conviction in this case, he could file a motion with the Court to require DNA testing of physical evidence pursuant to 18 U.S.C. § 3600 and § 3600A in an attempt to prove his innocence. The defendant fully understands his right to have all the physical evidence in this case tested for DNA, has discussed this right with his counsel and knowingly and voluntarily waives his right to have such DNA testing performed on the physical evidence in this case. Defendant fully understands that because he is waiving this right, the physical evidence in this case will likely be destroyed or will otherwise be unavailable for DNA testing in the future.

4.    Waiver of Right of Immigration Status

The defendant understands that he is bound by his guilty pleas regardless of the immigration consequences of the pleas and regardless of any advice the defendant has received from his counsel or others regarding those consequences. Accordingly, the defendant waives any and all challenges to his guilty pleas and to his sentence based on those consequences, and agrees not to seek to withdraw his guilty pleas, or to file a direct appeal or any kind of collateral attack challenging his guilty pleas, convictions or sentence, based on the immigration consequences of his guilty pleas, convictions and sentence.

## ACKNOWLEDGMENT OF GUILT; VOLUNTARINESS OF PLEA

1.    Voluntariness of Plea

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offenses to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

2.    Hyde Amendment

The defendant expressly acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the counts of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly and intelligently waives any rights he may have to seek reasonable attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from these pleas of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant further understands that he will be adjudicated guilty of the offenses to which he has pleaded guilty and may thereby be deprived of certain federal benefits as provided in 21 U.S.C. § 862 and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury or to possess firearms. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty pleas, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the criminal conduct which forms the basis of the Fifth Superseding Indictment in this case. After sentencing, the Government will move to dismiss the remaining counts of the Fifth Superseding Indictment against the defendant.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw his pleas of guilty.

**NO OTHER PROMISES**

The defendant acknowledges that no other promises, agreements or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties. This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DAVID B. FEIN
UNITED STATES ATTORNEY
DISTRICT OF CONNECTICUT

_____
TRACY LEE DAYTON
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachments or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachments with counsel and that he fully understands and accepts its terms.

_____         _8/26/11_
Azikiwe Aquart                            Date
The Defendant

I have thoroughly read, reviewed and explained this plea agreement and its attachments to my client who advises me that he understands and accepts its terms.

_____         8/26/11
David Stern, Esq.                         Date
Attorney for the Defendant

_____         8/26/11
Colleen Quinn Brady, Esq.                 Date
Attorney for the Defendant

_____         8/26/11
Robert Sullivan, Esq.                     Date
Attorney for the Defendant

## STIPULATION OF OFFENSE CONDUCT

The defendant Azikiwe Aquart and the Government stipulate to the following offense conduct that gives rise to the defendant's agreement to plead guilty:

With respect to Count Three (murder of James Reid):

(1)    For the purpose of maintaining his position in the criminal racketeering enterprise described in the Fifth Superseding Indictment;

(2)    Which is an enterprise engaged in narcotics trafficking, the activities of which affect interstate commerce;

(2)    The defendant Azikiwe Aquart, on August 24, 2005, knowingly, willfully and intentionally murdered James Reid;

(4)    The murder, which took place in Bridgeport, Connecticut, was in violation of the laws of the State of Connecticut.

With respect to Count Two (murder of Tina Johnson) and Count Four (murder of Basil Williams):

(1)    In exchange for the receipt of, or in exchange for a promise or agreement to pay, anything of pecuniary value from a criminal racketeering enterprise;

(2)    The defendant Azikiwe Aquart agreed to participate in what he believed would be a robbery with Azibo Aquart, John Taylor and Efrain Johnson;

(3)    Pursuant to his agreement, on August 24, 2005, the defendant went to apartment 101 in the Charles Street Apartments in Bridgeport, Connecticut, with Azibo Aquart, John Taylor and Efrain Johnson, in order to commit the robbery; and

(4)    During the commission of the crime, other participants in the crime murdered Tina Johnson and Basil Williams in violation of the laws of the State of Connecticut.

The written stipulation above is incorporated into the preceding plea agreement.  The defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

_____    8/26/11        _____    8/26/11
Azikiwe Aquart             Date           Colleen Quinn Brady         Date
The Defendant                             Attorney for the defendant

_____    8/26/11        _____    8/26/11
David Stern, Esq.          Date           Robert Sullivan, Esq.       Date
Attorney for the Defendant                Attorney for the defendant

-10-

## <u>RIDER CONCERNING RESTITUTION</u>

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A. The order of restitution may include:

1.     In the case of an offense resulting in bodily injury to a victim –

      A.     pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

      B.     pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

      C.     reimburse the victim for income lost by such victim as a result of such offense;

2.     In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

3.     In any case, reimburse the victim for lost income and necessary child care, transportation and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the court-ordered restitution, the court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3614; 3613A. The Court may also order that the defendant give notice to any victims of his offense under 18 U.S.C. § 3555.